IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CEDRIC CHARLES FIGGS, | § | |
| TDCJ-CID # 623481, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-03-046 |
| | § | |
| TRAVIS D. FLEMING, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Cedric Charles Figgs, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights complaint under 42 U.S.C. § 1983 against TDCJ-CID officials claiming that they have denied him access to the courts and retaliated against him for exercising a constitutionally protected right. Figgs names the following individuals as defendants: COIII Travis Fleming, Property Officer James C. Schroedter, COV Eric Peña, Law Library Supervisor Ronald D. Fisher, Disciplinary Hearing Officer Captain Joseph Randolph, Jr., Property Officer D. Menchaca, Counsel Substitute Lana Podism, COIII Diana Torres, Lieutenant Michael R. Esparza, Assistant Warden Amado Iglesias, Senior Warden Joseph B. Casal, Law Library Supervisor Linda Kite, TDCJ-CID Driver John Doe, and Correctional Staff Officers John Does. After reviewing Figgs' Original Complaint and his response to the court's Order for More Definite Statement, this court has determined that the action should be **DISMISSED** as frivolous.

## I. Claims and Allegations

Figgs claims that his legal property was confiscated and withheld from him in retaliation for grievances that he had previously filed. He contends that the missing materials prevented him from prosecuting actions that he had filed in federal court. Figgs also claims that he has been retaliated against for filing grievances against TDCJ-CID officials.

The claims stem in part from a prisoner transfer or 'chain'[1] in which Figgs was to be taken to federal court to attend a hearing regarding a civil case he had filed. Figgs was assigned to the TDCJ-CID Stevenson Unit at the time the transfer occurred. Figgs alleges that Officer Fleming woke him during the evening of November 21, 2002, and told Figgs that he had been scheduled for a chain the next day. Fleming also told Figgs that he could only take one bag of property with him and that he would have to leave some of his legal materials at the unit.

The next morning, the bus driver told Figgs the same thing and said that Figgs would not be allowed to bring his extra legal materials unless he had them stored in an approved yellow bag. Figgs alleges that he had previously requested approval from Officer Fisher on June 6, 2002, in order to keep his extra material, which consisted of research and documents pertaining to three lawsuits. Figgs alleges that Fisher denied him a yellow bag in order to retaliate against Figgs because Fisher knew a party in one of Figg's lawsuits.

After Figgs explained his predicament and prior efforts to obtain a yellow bag, the driver consulted with his supervisor in Huntsville on what to do. The supervisor told the driver not to permit Figgs to bring his legal property on the chain bus. Part of Figgs's legal property was confiscated and left at the Stevenson Unit property office, and he was transferred to the TDCJ-CID

---

[1] Prisoner transfers are often referred to as chains.

McConnell Unit which was located near the Corpus Christi Courthouse where his case was to be heard.

When Figgs arrived at the McConnell Unit, he wrote a letter to Officer Schroedter asking him to transport his legal property to the court where Figgs was scheduled to appear. He sent a similar letter to Officer Peña. Figgs did not get his property before he went to court. When he returned to the Stevenson Unit on December 4, 2002, Schroedter told him that he sent his property to the McConnell Unit. Figgs then notified Officer Peña about the problem and asked him to instruct Officer Menchaca to send his property back. Peña responded that he told Menchaca to hold Figgs's property. Menchaca stated that she never received the property although she did get Peña's instructions. Figgs filed a grievance claiming theft and retaliation.

Figgs claims that his lack of access to the materials at the hearing resulted in dismissal of his civil rights complaint filed in *Figgs v. Vrazel*, No. C-99-081 (S.D. Tex. Jul. 10, 2003). He also complains that his efforts have been hampered in *Figgs v. Cockrell*, No. 7:01cv251 (N.D. Tex. Feb. 11, 2004). Figgs argues that the denial of the yellow bag, which interfered with his legal activities, was an act of retaliation. He bases his belief on the fact that he had requested the bag several months before he was to go to court. He alleges that Officer Fisher intended to retaliate against him on the basis of his acquaintance with one of the defendants in Figgs's prior civil actions. Figgs admits that no defendant ever told him that he would suffer any consequences for asserting his rights.

Figgs seeks reimbursement for the allegedly stolen legal materials. He also requests a declaratory judgment, $ 100,000.00 in compensatory damages, and $ 100,000.00 in punitive damages.

## II. <u>Analysis</u>

As a prisoner, Figgs has a constitutional right of access to the courts. *Bounds v. Smith*, 97 S.Ct. 1491, 1498 (1977). This right entitles him to file and prosecute nonfrivolous legal claims challenging his convictions or prison conditions. *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997), *citing Lewis v. Casey*, 116 S.Ct. 2174, 2182 (1996). In order for Figgs to prevail in access to courts claim, he must show that the defendants knowingly interfered with his right and that they intended to impede his efforts to litigate his cases. *Simkins v. Bruce*, 406 F.3d 1239, 1242 (10th Cir. 2005); *Shell v. Brzezniak*, 365 F.Supp.2d 362, 372 (W.D.N.Y. 2005). Further, Figgs must show that the defendants's action harmed his efforts to pursue a legitimate claim in court. *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *citing Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988).

Figgs's account of the events that led to the withholding of his legal materials indicate that he was the victim of a bureaucratic confusion rather than a conspiracy to deprive him of his materials. Although Figgs has a right to conduct legal research and keep some of his work product, he does not have an unlimited right to amass documents and TDCJ-CID is authorized to limit the amount of property an inmate can keep with him. *Zenanko v. LaFleur*, 228 F.3d 933 (8th Cir. 2000); *see also Simmonds v. Cockrell*, 81 Fed. Appx. 488, 2003 WL 22770177 (5th Cir. Nov 24, 2003). When Figgs apparently had an excessive amount of documents that he sought to bring with him, the driver and other officials determined that some of the materials needed to be left behind. Figgs sought to have the papers transported and there was some effort made to locate and move them. Unfortunately, the items were lost. However, there are no facts which show that anyone deliberately stole or lost the items. At the most, the facts show that the legal papers were misplaced through

negligence. Such facts do not demonstrate a sufficient intent to interfere with Figgs's rights to the extent that he is entitled to relief. *Wilson v. Meeks*, 52 F.3d 1547, 1558 (10th Cir. 1995), *citing Davidson v. Cannon*, 106 S.Ct. 668 (1986).

Apart from the issue of whether any official deliberately interfered with Figgs's right of access to the courts, there remains the question of whether he had a legitimate claim which was prejudiced by the defendants' actions. In response to the court's Order for More Definite Statement, Figgs identifies two civil actions in which he contends he was harmed by the alleged interference, *Figgs v. Vrazel*, No. C-99-081, and *Figgs v. Cockrell*, No. 7:01cv251. *See* Docket Entry No. 5, Page 3, Answer # 8.[2]

*Figgs v. Vrazel*, a civil rights action, was pending in the Corpus Christi Court before Judge Hayden Head during the time of the alleged violations. Figgs had previously filed a similar suit which was heard and dismissed by Judge Janis Jack in Corpus Christi. *Figgs v. Vrazel*, No. C-96-058 (S.D. Tex. Oct. 20, 1997). By 2002, the remaining issues in No. C-99-081 were a due process violation and a malicious prosecution claim against two defendants, Vrazel and Dixon. On June 16, 2003, the court conducted a hearing in which the parties were questioned about the issues in No. C-96-058. *See* No. C-99-081, Docket Entry No. 239. At the conclusion of the hearing, the court determined that in both cases, the causes of action were based on an altercation between Vrazel and Figgs and the following disciplinary case which was heard by Dixon. *Id*. at 3. The court determined

---

[2] Figgs cites four other civil actions in his original complaint. *Figgs v. Vrazel*, No. C-96-058 (S.D. Tex. Oct. 20, 1997); *Figgs v. Ballard-Ortiz*, No. C-98-524 (S.D. Tex. Mar. 28, 2000); *Figgs v. Clay*, No. W-00-153 (W.D. Tex. Jan. 9, 2001); *Figgs v. Smart*, No. H-01-1259 (S.D. Tex. June 25, 2001). All of the these actions were dismissed well before the incidents in question, and Figgs only alleges harm regarding the results in *Figgs v. Vrazel*, No. C-99-081, and *Figgs v. Cockrell*, No. 7:01cv251.

*sua sponte* the due process issues in No. C-99-081 were barred by *res judicata*. *Id.* at 8. The court also found that it was undisputed that Figgs had struck Vrazel and that Figgs could not as a matter of law succeed on his malicious prosecution claim against Vrazel. *Id.* at 12. In light of the outcome of C-99-081, this court does not find that Figgs had any supportable claim which was harmed by the alleged denial of the materials. Therefore with regard to C-99-081, Figgs has failed to prove that he suffered an actual injury from the lost items and his access to courts claims cannot go forward. *Ruiz v. United States.*, 160 F.3d 273, 275 (5th Cir. 1998).

This court has also reviewed the record in *Figgs v. Cockrell*, No. 7:01cv251, a petition for a writ of habeas corpus in which Figgs challenged a prison disciplinary proceeding. The United States District Court for the Northern District of Texas dismissed the action after determining that Figgs had not been denied any constitutional right during the disciplinary proceeding. No. 7:01cv251, Docket Entry No. 27, at 6. The record reflects that Figgs did file a response to the Respondent's answer and that he did not miss any deadlines or was otherwise blocked from pursuing his claims. *See Gentry v. Duckworth*, 65 F.3d 555, 559 (7th Cir. 1995). Without such a showing, Figgs cannot prevail on his access to courts claim regarding the habeas petition filed in No. 7:01cv251. *MacDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998), *citing Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).

Apart from his access to courts claim, Figgs contends that he is the victim of retaliation. In addition to his allegations regarding the lost legal materials Figgs asserts that he was disciplined pursuant to a false charge of failing to report to work. However, in none of the allegations does Figgs present any facts showing that the defendants were motivated to take such action against him. *MacDonald*, 132 F.3d at 231. Moreover, there are no solid facts which clearly indicate that the

defendants were even aware of the extent or focus of Figgs's legal activities. *See Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 320 (5th Cir. 2004). Figgs merely relies on the fact that he suffered adverse actions after he supposedly filed his complaints or petitions. These allegations do not support a retaliation claim and they are subject to dismissal. *Enlow v. Tishomingo County, Miss.*, 45 F.3d 885, 889 (5th Cir. 1995). *See also Jones v. Greninger*, 188 F.3d 322 (5th Cir. 1999).

Figgs has filed this action as a prisoner and a pauper. The court is authorized to dismiss such actions if they are frivolous. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or fact. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). This complaint has no merit and, therefore, will be **DISMISSED** as frivolous.

### III. Conclusion

The court **ORDERS** the following:

1. This cause of action, filed by Inmate Cedric Charles Figgs, TDCJ-CID # 623481, is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.

3. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 4th day of January, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE